1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AKIVA AVIKAIDA ISRAEL,                    No.  2:21-cv-2129 AC P

12                    Plaintiff,

13         v.                                   ORDER

14    K. GIBBS, et al.,

15                    Defendants.

16

17         Plaintiff is a state inmate proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and

21   she will be given an opportunity to amend the complaint.[1]

22         I.      APPLICATION TO PROCEED IN FORMA PAUPERIS

23         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   _____

28   [1]  Plaintiff identifies herself by the pronouns "she" and "her."  ECF No. 1 at 7.  The Court will
     do the same.

1

1  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

4  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

6  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

7  1915(b)(2).

8       II.    SCREENING REQUIREMENT

9      The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

11  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

12  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

13  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

14  U.S.C. § 1915A(b)(1) & (2).

15      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

16  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d

17  1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on

18  indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"

19  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490

20  U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122,

21  1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully

22  pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations

23  omitted).

24      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

25  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

26  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

27  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

28  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

1  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).”  Wilhelm v. Rotman,

2  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

3  to state a claim, a complaint must contain more than “a formulaic recitation of the elements of a

4  cause of action;” it must contain factual allegations sufficient “to raise a right to relief above the

5  speculative level.”  Twombly, 550 U.S. at 555 (citations omitted).  “‘[T]he pleading must contain

6  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

7  cognizable right of action.’”  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

8  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

9      “[A] complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to

10  relief that is plausible on its face.’”  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added)

11  (quoting Twombly, 550 U.S. at 570).  “A claim has facial plausibility when the plaintiff pleads

12  factual content that allows the court to draw the reasonable inference that the defendant is liable

13  for the misconduct alleged.”  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint

14  under this standard, the court must accept as true the allegations of the complaint in question, see,

15  e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as

16  well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in

17  the plaintiff’s favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

18      III.   THE COMPLAINT

19      At all times relevant to this action, plaintiff was housed at Mule Creek State Prison

20  (“MCSP”) in Ione, California.  She sues Chief Deputy Warden Bryan Holmes, Associate Warden

21  Jean Weiss, and Mailroom Supervisor K. Gibbs.  Plaintiff seeks damages, injunctive relief, and

22  declaratory relief.

23      Plaintiff’s claims arise from a request that she sent to the San Francisco Public Library

24  (“SFPL”) for publicly-available information on officers employed at MCSP.  According to

25  plaintiff, the information sought included only the officers’ names, job titles, and professional

26  contact information; it did not include their home addresses, phone numbers, or email addresses.

27  Plaintiff submitted the request to SFPL to help her identify Doe defendants in a separate case

28  filed in this court, Israel v. Shmary, Case No. 2:21-cv-0262 EFB.  Plaintiff claims she first

1  attempted to ascertain the identities of the Doe defendants by submitting requests with the MCSP

2  Litigation Coordinator to no avail.

3       The SFPL sent plaintiff a response in May 2021.  This letter was routed to defendant

4  Gibbs, the mailroom supervisor who reviews incoming inmate mail.  On July 19, 2021, Gibbs

5  confiscated the letter and sent plaintiff a CDCR Form 1819 titled "Notification of Disapproval for

6  Mail / Packages / Publications."  Defendant Weiss upheld the confiscation of the letter.  Both

7  Gibbs and Weiss determined that the letter "undermines" the "good order of the institution."

8  Plaintiff then filed an inmate grievance complaining about the confiscation of the SFPL letter.

9  Defendant Holmes denied the grievance in September 2021 citing institutional regulations and

10 stating that the "[m]aterial . . . is reasonably deemed to be a threat to legitimate penological

11 interests."  Plaintiff claims Holmes reached this decision by failing to adequately review the

12 documents and evidence attached to the grievance.

13      Plaintiff asserts that the confiscation of the SFPL letter deprived her of access to the courts

14 by forcing her to miss a court deadline.  She also accuses Gibbs, Weiss, and Holmes of

15 improperly withholding the letter in retaliation for plaintiff's litigation activities.  Specifically,

16 plaintiff submitted an inmate grievance in September 2020 claiming that mailroom staff,

17 including Gibbs, destroyed and/or lost her legal materials.  That grievance led to a § 1983 action,

18 Israel v. Giles, Case No. 2:21-cv-1027 DAD DMC, which named Gibbs in an amended pleading.

19 Plaintiff then refers to a comment made by non-party Sergeant Baskerville, who told plaintiff that

20 her criticisms of MCSP staff, especially of Gibbs, have "pissed the higher-ups and, if you don't

21 want your mail to fall pray [sic] to petty feuds, find another way, to deal with staff issues."  ECF

22 No. 1 at 7.

23      IV.   ANALYSIS

24           A.  Confiscation of SFPL Letter

25      Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52

26 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Nevertheless, correctional institutions and jails have

27 a legitimate governmental interest in imposing certain restraints on inmate or detainee

28 correspondence to maintain order and security.  See Procunier v. Martinez, 416 U.S. 396, 413

1  (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989).  For

2  example, inmates and detainees may have their mail screened to ensure that there is no

3  contraband inside.  Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017).  The mere fact

4  that prison officials open and conduct a visual inspection of a prisoner's mail does not state a

5  claim for violation of a prisoner's constitutional rights.  Wolff v. McDonnell, 418 U.S. 539, 576–

6  77 (1974); Nordstrom v. Ryan, 762 F.3d 903, 908-909 (9th Cir. 2014); Mitchell v. Dupnick, 75

7  F.3d 517, 523 (9th Cir. 1996).

8       A prison may adopt regulations or practices which impinge on a prisoner's First

9  Amendment rights as long as the regulations are "reasonably related to legitimate penological

10  interests."  See Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254 (1987).  The Turner standard

11  applies to regulations and practices concerning all correspondence between prisoners and

12  regulations concerning incoming mail received by prisoners from non-prisoners.  See

13  Thornburgh, 490 U.S. at 413.

14       The Court concludes that plaintiff has adequately asserted a First Amendment claim

15  against Gibbs, Weiss, and Holmes for the confiscation of the SFPL letter.

16                 B.  Access to Courts

17       Inmates have a fundamental, constitutional right of access to the courts.  Lewis v. Casey,

18  518 U.S. 343, 346, 350 (1996).  To establish a claim for denial of access to courts, a prisoner

19  must allege an "actual injury," i.e., that an official frustrated or hindered her efforts to pursue a

20  legal claim.  Id. at 351.  The injury requirement, however, "is not satisfied by just any type of

21  frustrated legal claim."  Id. at 354.  Rather, the types of legal claims protected are limited to direct

22  criminal appeals, petitions for writs of habeas corpus, and civil rights actions brought under

23  section 1983 to vindicate basic constitutional rights.  See id. (citations omitted).  "Impairment of

24  any other litigating capacity is simply one of the incidental (and perfectly constitutional)

25  consequences of conviction and incarceration."  Id. at 355 (emphasis omitted).

26       Claims of denial of access to courts generally fall into two categories: (1) claims arising

27  from an official frustrating a plaintiff from preparing and filing a lawsuit in the present, i.e., a

28  forward-looking claim, or (2) claims arising from an official causing the loss of a meritorious

claim that can no longer be pursued, i.e., a backward-looking claim.  Christopher v. Harbury, 536

U.S. 403, 412-15 (2002).  When a prisoner asserts a backward-looking claim, "he must show: 1)

the loss of a 'non-frivolous' or 'arguable' underlying claim; 2) the official acts frustrating the

litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available

in a future suit."  Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536

U.S. at 413-14), vacated on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

      Plaintiff asserts a backwards-looking claim.  She alleges that defendants denied her the

SFPL letter, which caused her to miss a filing deadline in Israel v. Shmary, Case No. 2:21-cv-

0262-EFB.  But review of the docket in that case reveals that plaintiff did not miss a filing

deadline, let alone lose the opportunity to pursue a claim.[2]  At most, she was unable to proceed to

service of the Doe defendants, but as she was informed there, "[s]hould plaintiff subsequently

learn the identities of additional parties whom [s]he wishes to serve, [s]he must move pursuant to

Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as

defendants."  Israel v. Shmary, Case No. 2:21-cv-0262-EFB, ECF No. 7 at 3.  Because plaintiff

has not been "shut out of court," Christopher, 536 U.S. at 414, this claim is subject to dismissal.

## C.  First Amendment Retaliation

      "Prisoners have a First Amendment right to file grievances against prison officials and to

be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

(citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a

viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

(5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson,

---

[2]  A federal court may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); see also Manufactured Home Cmtys., Inc. v. City of San Jose, 420 F.3d 1022, 1037 (9th Cir. 2005) (noting that a federal court may "take judicial notice of a state court decision and the briefs filed in that court to determine if an issue was raised and decided by the state court for res judicata purposes.").

408 F.3d 559, 567-68 (9th Cir. 2005).  To state a cognizable retaliation claim, plaintiff must establish a nexus between the retaliatory act and the protected activity.  Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff claims that Gibbs, Weiss, and Holmes confiscated the SFPL letter in retaliation for plaintiff's litigation activities.  In support, plaintiff alleges that in September 2020, she filed a grievance against mailroom staff, including Gibbs, and that the grievance led to her filing a federal civil rights action in this court.  Plaintiff named Gibbs in an amended complaint that, pursuant to the prisoner mailbox rule, was filed on July 12, 2021.  Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (applying the mailbox rule to prisoner's § 1983 complaint) (relying on Houston v. Lack, 487 U.S. 266 (1988)).  Gibbs then confiscated plaintiff's mail on July 19, 2021. The causal link between a protected activity and alleged retaliatory action "can be inferred from timing alone when there is a close proximity between the two." Thomas v. City of Beaverton, 379 F.3d 802, 812 (9th Cir. 2004) (citation and internal quotation marks omitted).  Here, the timing of plaintiff's litigation activities is sufficient to suggest that Gibbs retaliated against her. Accordingly, service is appropriate for this defendant.

However, plaintiff fails to state a retaliation claim against Weiss and Holmes.  An inmate must assert sufficient allegations that the protected conduct was the substantial or motivating factor behind the alleged retaliation.  Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  The only showing made here is that these two defendants upheld Gibbs's confiscation of the letter. This is not enough on its own to establish a retaliatory motive because retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two.  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").  In the absence of that nexus, the claim fails as to Weiss and Holmes.

V.    LEAVE TO AMEND

The complaint states a First Amendment claim against Gibbs, Weiss, and Holmes for the confiscation of the SFPL letter, and a First Amendment retaliation claim against Gibbs.  Plaintiff

may proceed forthwith to serve these defendants, or she may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how she wishes to proceed.  If plaintiff chooses to amend the complaint, she will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on her claims against defendants Gibbs, Weiss, and Holmes without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of plaintiff's First Amendment retaliation claim against Weiss and Holmes and her access to courts claim against all three defendants.

If plaintiff chooses to file an amended complaint, she must demonstrate how the conditions about which she complains resulted in a deprivation of her constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make her amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  You state a First Amendment claim against Gibbs, Weiss, and Holmes for the confiscation of the SFPL letter, and a First Amendment retaliation claim against Gibbs.  However, you do not state a First Amendment retaliation claim against Weiss and Holmes or an access to courts claim against any of the defendants.

You have a choice to make.  You may either (1) proceed immediately on your First Amendment claim against Gibbs, Weiss, and Holmes for the confiscation of the SFPL letter, and your First Amendment retaliation claim against Gibbs and voluntarily dismiss the other claims or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your First Amendment retaliation claim against Weiss and Holmes and your access to courts claim against all defendants.

If you choose to file a first amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 7, 8) are granted.

2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

////

9

3.  Plaintiff's allegations do not state an access to court claim against defendants Gibbs, Weiss, and Holmes and do not state a First Amendment retaliation claim against Weiss and Holmes.

4.  Plaintiff has the option to proceed immediately on her First Amendment claim against Gibbs, Weiss, and Holmes for the confiscation of the SFPL letter, and her First Amendment retaliation claim against Gibbs, or to amend the complaint.

5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether she wants to proceed on the screened complaint or whether she wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that she is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice the access to court claim against defendants Gibbs, Weiss, and Holmes and the First Amendment retaliation claim against Weiss and Holmes.

DATED: February 27, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10

1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AKIVA AVIKAIDA ISRAEL,                     No.  2:21-cv-2129 AC P

12                   Plaintiff,

13         v.                                   PLAINTIFF'S NOTICE ON HOW TO
                                                PROCEED
14   K. GIBBS, et al.,

15                   Defendants.

16

17         Check one:

18   _____ Plaintiff wants to proceed immediately on her First Amendment claim against Gibbs,

19         Weiss, and Holmes for the confiscation of the SFPL letter, and her First Amendment

20         retaliation claim against Gibbs without amending the complaint.  Plaintiff understands that

21         by going forward without amending the complaint, she is voluntarily dismissing without

22         prejudice her access to court claim against defendants Gibbs, Weiss, and Holmes and her

23         First Amendment retaliation claim against Weiss and Holmes pursuant to Federal Rule of

24         Civil Procedure 41(a).

25   _____ Plaintiff wants to amend the complaint.

26   DATED:_____

27                                         _____
                                           Akiva Avikaida Israel
28                                         Plaintiff pro se

                                                1